**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (249203)
ak@kazlg.com
Matthew M. Loker, Esq. (279939)
ml@kazlg.com
Elizabeth A. Wagner, Esq. (317098)
elizabeth@kazlg.com
245 Fischer Avenue, Suite 101
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

*Attorneys for Plaintiff,*
Anthony Current

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY CURRENT,<br><br>      Plaintiff,<br><br>   v.<br><br>WELLS FARGO BANK, N.A.,<br><br>      Defendant. | Case No.:<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATION:**<br><br>I.   **THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, ET SEQ.; AND,**<br><br>II.  **NEGLIGENCE**<br><br>**JURY TRIAL DEMANDED** |

///

**INTRODUCTION**

1. Plaintiff ANTHONY CURRENT ("Plaintiff") through Plaintiff's attorneys, bring this lawsuit to challenge the actions of Defendant WELLS FARGO BANK, N.A. ("Defendant") with regard to attempts by Defendant, a debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages through Defendant's negligent and/or willful contact to Plaintiff's cellular telephones in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA").

2. The Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227 et seq. was designed to prevent calls like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11.

4. Toward this end, Congress found that:
   > [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.
   >
   > *Id*. at § 12; see also *Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at *4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

5. Congress also specifically found that "the evidence presented to Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the time of call…." Id. at §§ 12-13. See also, *Mims*, 132 S. Ct. at 744.

6. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff allege on personal knowledge.

7. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

8. Unless otherwise stated, Plaintiff alleges that any violations by Defendant were knowing and intentional, and that Defendant did not maintain procedures reasonably adapted to avoid any such violation.

9. Unless otherwise indicated, the use of any Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of that Defendant named.

## JURISDICTION AND VENUE

10. This Court has federal question jurisdiction because this case arises out of violation of federal law. 47 U.S.C. §227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

11. Venue is proper in the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1391 because Defendant is headquartered in the City and County of San Francisco, California; Defendant is deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced; Defendant's contacts with this District are sufficient to subject it to personal jurisdiction; and, a substantial part of the events giving rise to the claims occurred in this District.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

12. This action arises out of Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA")

## PARTIES

13. Plaintiff is a natural person who resides in the State of Iowa, from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff.

14. Plaintiff is a "person" as defined by 47 U.S.C. § 153 (10).

15. Plaintiff is informed and believes, and thereon alleges, that Defendant is located in the State of California and is a person as defined by 47 U.S.C. § 153 (10).

16. Plaintiff is informed and believes, and thereon alleges, that Defendant, in the ordinary course of business, regularly, on behalf of themselves or others, engage in "debt collection" as that term is defined by California Civil Code § 1788.2(b), and is therefore a "debt collector" as that term is defined by California Civil Code § 1788.2(c).

17. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

## FACTUAL ALLEGATIONS

18. Sometime before 2017, Plaintiff is alleged to have incurred certain financial obligations to Defendant, the original creditor, for Plaintiff's credit card.

19. Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt.

20. Thereafter, Defendant repeatedly called Plaintiff on Plaintiff's cellular telephone via an "automatic telephone dialing system" ("ATDS"), as defined by 47 U.S.C. § 227(a)(1), using an "artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A).

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

21. This ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

22. On information and belief, Plaintiff utilized a predictive dialer to contact Plaintiff on Plaintiff's cellular telephone.

23. Often times, when Plaintiff would answer the calls from Defendant, there would often be a silence, sometimes with a click or a beep-tone, before Defendant would pick up and start speaking.

24. Other times, Plaintiff would be greeted by a prerecorded voice rather than a live representative.

25. Each time Plaintiff was able to speak to a live representative, Plaintiff told Defendant to stop calling Plaintiff on Plaintiff's cellular telephone.

26. Plaintiff did not provide express consent to Defendant to receive calls on Plaintiff's cellular telephone, pursuant to 47 U.S.C. § 227 (b)(1)(A).

27. Even if Plaintiff initially provided consent, Plaintiff revoked any type of prior express consent by stating that Plaintiff no longer wished to be contacted by phone.

28. The calls by Defendant to Plaintiff's cell phone continued even after Plaintiff's oral revocation.

29. Plaintiff answered several of the above mentioned autodialed telephone calls from Defendant and asked Defendant to stop calling.

30. Despite this clear and unmistakable request, the calls continued without interruption.

31. Each of these requests terminated any express or implied consent that Defendant may have had prior to beginning its campaign of harassment by telephone.

32. These calls were made by Defendant or Defendant's agent, with Defendant's permission, knowledge, control, and for Defendant's benefit.

33. As a result, the telephone calls by Defendant, or its agent(s), violated 47 U.S.C. § 227(b)(1).

34. Through Defendant's actions, Plaintiff suffered an invasion of a legally protected interest in privacy, which is specifically addressed and protected by the TCPA.

35. Plaintiff was personally affected, becoming frustrated and distressed that, despite telling Defendant to stop calling Plaintiff's cellular phone, Defendant continued to harass Plaintiff with collection calls using an ATDS.

36. The unrelenting, repetitive calls disrupted Plaintiff's daily activities and the peaceful enjoyment of Plaintiff's personal and professional life, including the ability to use Plaintiff's phone.

37. The calls placed by Defendant to Plaintiff were extremely intrusive, including Plaintiff's relationships with close family members. Specifically, Plaintiff began to ignore or send to voicemail many incoming calls from unknown numbers, out of frustration in dealing with Defendant' unwanted and intrusive calls. In doing so, Plaintiff missed important communications from friends, family, and work.

## COUNT I

## NEGLIGENT VIOLATIONS OF THE

## TELEPHONE CONSUMER PROTECTION ACT (TCPA)

## 47 U.S.C. 227

38. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

39. The foregoing acts and omissions constitute numerous and multiple violations of the TCPA, including but not limited to each and every one of the above-cited provisions of the TCPA, 47 U.S.C. 227 et. seq.

40. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq, Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

## COUNT II

## KNOWING AND/OR WILLFUL OF THE

## TELEPHONE CONSUMER PROTECTION ACT (TCPA)

## 47 U.S.C. 227

41. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

42. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

43. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT III

## NEGLIGENCE

44. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

45. Defendant had a duty of care to Plaintiff to use exercise reasonable skill and care in carrying out account activities. Specifically, Defendant had a duty to act reasonably when collecting an alleged debt from Plaintiff, including the means and methods for contacting Plaintiff.

46. Defendant had a duty to use care to not infringe on consumers' privacy rights when collecting on alleged debts and not calling Plaintiff hundreds and/or thousands of times to harass and/or abuse Plaintiff.

47. Defendant breached that duty by calling Plaintiff on Plaintiff's cellular telephones a voluminous number of times, as discussed above, and continued to call despite Plaintiff's request that the calls stop.

48. Plaintiff was harmed and suffered injury as described above.

49. The negligence of Defendant was a substantial and proximate factor in causing Plaintiff this harm and injury described above.

50. As said conduct was carried out by Defendant in an oppressive, malicious, despicable, gross and wantonly negligent manner, said conduct demonstrates Defendant' conscious disregard for the rights and safety of Plaintiff or their family. As such, Plaintiff is entitled to recover punitive damages from Defendant in an amount according to proof at trial.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

- Statutory damages of $500.00 for each negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);
- Statutory damages of $1,500.00 for each knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).
- Pursuant to 47 U.S.C § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future;
- Special, general, compensatory, and punitive damages pursuant to Plaintiff's negligence claim; and
- Any and all other relief that this Court deems just and proper.

51. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: January 15, 2018                                    Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By: ___/s/ Matthew M. Loker___
MATTHEW M. LOKER, ESQ.
ATTORNEY FOR PLAINTIFF

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626